**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ERIC HOUSTON, #10894-074,**

     **Plaintiff,**

vs.                                                **Case No. 4:15cv11-RH/CAS**

**SCOTT NAAS, et al.,**

     **Defendants.**

     _____/

**REPORT AND RECOMMENDATION**

     Plaintiff, proceeding pro se, sought to initiate a civil rights action in this Court on January 16, 2015. Plaintiff submitted a § 1983 complaint, doc. 1, and an in forma pauperis motion, doc. 2. However, Plaintiff is a federal prisoner who is incarcerated in Lewisburg, Pennsylvania as are all named Defendants in this case. Doc. 1 at 2. Although Plaintiff's complaint is nearly illegible, it must be presumed that the event or issue Plaintiff intends to litigate took place in Pennsylvania. This Court does not have jurisdiction over parties in Pennsylvania. The appropriate forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 118(b) is in the United States District Court for the Middle District of Pennsylvania, Lewisburg Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue *sua sponte*.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Pennsylvania, Lewisburg Division, for all further proceedings, including review of the in forma pauperis motion, doc. 2.

**IN CHAMBERS** at Tallahassee, Florida, on January 22, 2015.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:15cv11-RH/CAS